**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RHODE ISLAND CARPENTERS' ANNUITY FUND, RHODE ISLAND CARPENTER'S PENSION FUND, RHODE ISLAND CARPENTERS' VACATION FUND, RHODE ISLAND CARPTENTERS' HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds,
*Plaintiffs*,

v.

SHAW CONSTRUCTION CORP.,
*Defendant*.

CA 06 413 ML

C.A. No.

# COMPLAINT

## Introduction

1. This is an action to compel payment of contributions, interest, and penalties to an employee welfare benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiffs also seek equitable relief, pursuant to ERISA, 29 U.S.C. 1132(a)(3), directing Defendant to permit an examination and audit of its records.

## Parties and Jurisdiction

2. Plaintiff Rhode Island Carpenters Annuity Fund ("Annuity Fund") is a multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§1002(2) and (37).

3. Plaintiff Rhode Island Carpenters Pension Fund ("Pension Fund") is a multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

4. Plaintiff Rhode Island Carpenters Vacation Fund ("Vacation Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

5. Plaintiff Rhode Island Carpenters Health Fund ("Health Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

6. Plaintiff Trustees ("Trustees") are trustees and fiduciaries of the aforementioned Funds.

7. Plaintiff Donald Lavin is Co-Administrator of the Funds. The Funds' offices are located in Rhode Island.

8. Defendant Shaw Construction Corp. ("Shaw") is a corporation organized under the laws of the State of Rhode Island, having its principal place of business in Providence, RI. Defendant has the requisite minimum contacts with the State of Rhode Island.

9. Jurisdiction is rested upon ERISA, 29 U.S.C. § 1132(e).

**Facts**

10. The Funds were established to provide various types of benefits, including retirement, medical, and disability, for Rhode Island Carpenters Local 94 ("Local 94") members. The Funds are administered by Boards of Trustees consisting of management and union trustees ("Trustees).

11. Benefits as aforesaid are financed in part by employer contributions. The contribution rates are set by the collective bargaining agreement between Local 94 and each employer.

12. The rights and obligations of the Funds and each employer are set forth in the various Agreement and Declaration of Trusts ("Trust Agreements").

13. Defendant is a party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreements as aforesaid.

14. The Trust Agreements provide, in relevant part, that Defendant shall submit timely payroll reports of contributions, permit audits of its records when requested by the Trustees, promptly pay contributions, and pay penalties and interest when in default.

## I. FAILURE TO SUBMIT TO AN AUDIT

15. Plaintiffs hereby incorporate by reference paragraphs 1 through 14 of this Complaint as if set forth herein.

16. Notwithstanding the aforesaid obligations, Defendant has failed to permit an examination and audit of its records by the Trustees.

17. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

## II. FAILURE TO MAKE CONTRIBUTIONS

18. Plaintiffs hereby incorporate by reference paragraphs 1 through 17 of this Complaint as if set forth herein.

19. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to make timely contributions to the Funds;

(b) Failed to submit timely payroll reports to the Funds;

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

20. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. § 1132(a)(3) and § 1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(a) Award equitable relief in the form of an Order directing Defendant to permit an examination and audit of its payroll records by Plaintiffs, pursuant to 29 U.S.C. § 1132(a)(3);

(b) Award the Funds unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2); and

(c) Order such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., St. C
North Kingstown, RI 02852
Tel. (401) 294-4700
Fax (401) 294-4702